UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 2:20-cv-7417-JAK (SKx) | Date | February 26, 2021 |
|---|---|---|---|
| Title | Sinclair v. Yonezawa, et al. | | |

| Present: The Honorable | Steve Kim | |
|---|---|---|
| Erica Valencia | | n/a |
| Deputy Clerk | | Court Smart / Recorder |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| None present | | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE RE: SANCTIONS**

Plaintiff Alexander Sinclair is ORDERED TO SHOW CAUSE in writing by no later than **9 AM on March 1, 2021**, why monetary sanctions should not be imposed for violating the Court's Remote Settlement Conference Order. (ECF 19). The Confidential Settlement Conference Statement submitted today, ex parte and in camera, by Plaintiff's counsel does not include, as required by that Order:

(1) an "itemized statement of the monetary damages claimed and of any other relief sought, including the evidentiary bases for the monetary damages and/or other relief sought";

(2) a "history of past settlement discussions, offers and demands, including specifically a detailed summary of the proposals that [were] exchanged by the parties no later than two weeks before the conference, as ordered";

(3) a "forthright evaluation of the party's likelihood of prevailing on each of its claims and/or defenses";

(4) the "approximate amount of attorney's fees, time and costs expended to date, and an estimate of the fees, time and costs to be expended for further discovery, pretrial proceedings, and trial"; and

(5) plaintiff's "evaluation of the terms on which the case could be settled fairly and reasonably, considering the litigation and settlement positions of the other side."

(ECF 19 at p. 4).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:20-cv-7417-JAK (SKx) | Date | February 26, 2021 |
|---|---|---|---|
| Title | Sinclair v. Yonezawa, et al. | | |

    What is worse, the Court takes judicial notice from the public Los Angeles County Superior Court docket that most of Plaintiff's submission appears to be just a verbatim copy of his factual allegations from the complaint he filed there in *Sinclair v. Nikkei Memorial Group, et al.*, No. 19STCV46611, on December 26, 2019.

    As laid out in paragraph 5 of the Court's Remote Settlement Conference Order, the parties were warned that the "failure of any party or attorney to comply strictly with the requirements of the Order may result in sanctions being imposed," to include the "fees and costs expended by the other parties in preparing for and attending the Settlement Conference." (ECF 19 at p. 5).

    Plaintiff may discharge this order by submitting, ex parte and in camera, a **compliant** Confidential Settlement Conference Statement by no later than **9 AM on March 1, 2021**, together with a credible explanation for violating the Court's settlement conference Order. That explanation shall be in the form a letter brief, not to exceed three pages, which may either be filed or submitted ex parte and in camera at Plaintiff's election. Failure to timely comply as directed, or failure to provide a credible explanation as ordered, will lead to the award of monetary sanctions in the amount of the fees and costs that Defendants incurred through February 26, 2021 in preparing for the March 3, 2021 settlement conference.

    Meanwhile, the ex parte counsel-only, pre-conference calls previously scheduled informally for March 1, 2021 are vacated. The Court also reserves the right to impose separate or additional monetary sanctions and/or to vacate the March 3, 2021 settlement conference if it becomes evident from Plaintiff's response to this order or from the confidential settlement conference statements of either side that any party is not approaching the settlement conference in good faith as ordered by the District Judge or that settlement discussions would be unproductive.

    IT IS SO ORDERED.